UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MATTHEW A. SWIFT, | ) | |
| | ) | |
|       *Plaintiff* | ) | |
| v. | ) | *Civil No. 08-280-B-W* |
| | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
|       *Defendant* | ) | |

***REPORT AND RECOMMENDED DECISION[1]***

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the commissioner properly found that the plaintiff, who alleges that he is disabled by depression, intermittent explosive disorder, personality disorder, and a learning disorder, is capable of making an adjustment to work existing in significant numbers in the national economy. I recommend that the decision of the commissioner be vacated and the case remanded for further proceedings consistent herewith.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had no exertional limitations and retained the residual functional capacity ("RFC") to perform low-stress

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on March 20, 2009, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

work, defined as requiring occasional interaction with supervisors and co-workers, no public interaction, occasional changes in the work setting, and occasional judgment, Finding 5, Record at 21; that, considering his age (21 years old, defined as a younger individual, on his alleged disability onset date), education (at least a general equivalency diploma), work experience (no transferable work skills), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id.* at 26; and that he therefore had not been under a disability at any time from September 30, 2003, through the date of the decision, Finding 11, *id.* at 27.[2] The Appeals Council declined to review the decision, *id.* at 9-13, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual work capacity to

---

[2] The plaintiff met the insured-status requirements of the Social Security Act through September 30, 2010. *See* Finding 1, Record at 20.

perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff complains that the administrative law judge erred in (i) failing to reflect in his RFC determination a finding that the plaintiff had moderate difficulty in maintaining concentration, persistence, or pace, and (ii) assessing the plaintiff's RFC based on the raw medical evidence. *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (Docket No. 6) at 1-3. I recommend that the court find that these errors were indeed committed and that they warrant reversal and remand.

## I. Discussion

### A. Omission of Mental Restriction From RFC

The plaintiff first complains that, although the administrative law judge assessed him as having moderate limitations in maintaining concentration, persistence, or pace, he omitted those limitations in his RFC finding. *See id*. at 2. He observes that this court found error in very similar circumstances in *Leighton v. Astrue*, No. 07-142-B-W, 2008 WL 2593789 (D. Me. June 30, 2008) (rec. dec., *aff'd* July 22, 2008). *See id*.

In *Leighton*, as here, the administrative law judge found the claimant to suffer from moderate limitations in maintaining concentration, persistence, or pace. *See Leighton*, 2008 WL 2593789, at *4. The administrative law judge went on to find that the plaintiff retained the mental RFC to "follow instructions up to the SVP [Specific Vocational Preparation] three level, make simple work-related decisions, occasionally, but incidentally, have contact with the public, tolerate occasional routine supervision, interact occasionally with up to 10 coworkers, adapt to occasional work changes, and maintain a goal-oriented pace, but not a production rate[.]" *Id*. at *1. The court held that this RFC determination failed to reflect the plaintiff's moderate

difficulties in maintaining social functioning and concentration, persistence, or pace, and that "[t]he limitations on contact with the public, routine supervision, interaction with coworkers, and work changes and pace are not consistent with those moderate difficulties." *Id*. at *4.

In this case, unlike in *Leighton*, the administrative law judge included in his RFC finding a limitation to "occasional judgment[,]" *compare* Finding 5, Record at 21, *with Leighton*, 2008 WL 2593789, at *1. Nonetheless, I cannot discern how a limitation to "occasional judgment[,]" any more than a limitation to simple work-related decisions or adapting to occasional work changes, is reflective of moderate limitations in maintaining concentration, persistence, or pace. *See, e.g., Whack v. Astrue*, Civil Action No. 06-4917, 2008 WL 509210, at *8 (E.D. Pa. Feb. 26, 2008) ("Many employers require a certain output level from their employees over a given amount of time, and an individual with deficiencies in pace might be able to perform simple tasks, but not over an extended period of time.") (citation and internal punctuation omitted) (cited with favor in *Leighton*, 2008 WL 2593789, at *4); *Edwards v. Barnhart,* 383 F. Supp.2d 920, 930 (E.D. Mich. 2005) ("[W]hile finding that Plaintiff has a 'moderate limitation in her ability to concentrate, persist and keep pace,' the ALJ's limitations were with co-workers, supervisors and the public, and to 'jobs entailing no more than simple, routine, unskilled work.' While close, these are not sufficient, and do not fully convey Plaintiff's limitations in concentration to the VE. Plaintiff may be unable to meet quotas, stay alert, or work at a consistent pace, even at a simple, unskilled, routine job.") (citations omitted) (cited with favor in *Leighton*, 2008 WL 2593789, at *4).[3]

---

[3] At oral argument, counsel for the commissioner contended that this case is closer to *Conley v. Astrue*, Civil No. 08-202-P-S, 2009 WL 214557 (D. Me. Jan. 28, 2009) (rec. dec., *aff'd* Feb. 18, 2009), than to *Leighton*. In *Conley*, I found that the administrative law judge adequately reflected a moderate limitation in concentration, persistence, or pace in his RFC finding when he determined that the plaintiff was limited to simple, repetitive tasks with sustained attention of only two hours. *Conley*, 2009 WL 214557, at *3. The administrative law judge made no such finding here, *see* Finding 5, Record at 21, distinguishing this case from *Conley* and aligning it more closely with *Leighton*.

The error nonetheless might have been harmless had the administrative law judge adopted the RFC assessment of an expert purporting to take into account a checkbox indicating moderate limitations in concentration, persistence, or pace. This is so because the RFC set forth in narrative form in Section III of the commissioner's Mental Residual Functional Capacity Assessment form ("MRFC Form"), rather than checkboxes contained either in the separate Psychiatric Review Technique Form ("PRTF") or in section I of the MRFC Form, constitutes the official RFC assessment. *See* Social Security Administration Program Operation Manual System § DI 24510.060(B)(2)(a) & (4)(a), *available at* https://s044a90.ssa.gov/apps10/ ("Section I is merely a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and does not constitute the RFC assessment. . . . Section III – Functional Capacity Assessment, is for recording the mental RFC determination. It is in this section that the actual mental RFC assessment is recorded, explaining the conclusions indicated in section I, in terms of the extent to which these mental capacities or functions could or could not be performed in work settings.") (boldface omitted). However, as noted in the plaintiff's second point of error, *see* Statement of Errors at 3, discussed below, that did not happen in this case.

### B. Development of RFC From Raw Medical Evidence

The record contains the following assessments of the plaintiff's mental RFC:

1. The report of Disability Determination Services ("DDS") examining consultant Kevin L. Polk, Ph.D., based on a September 20, 2004, evaluation, that the plaintiff "could do work related activities such as understanding, carrying out and remembering instructions[,]" "would have difficulty carrying out many tasks due to learning problems[,]" "would maintain concentration and persist at tasks[,]" "[i]n all likelihood . . . would not respond appropriately to

5

supervision and coworkers for more than a few weeks due to the personality disorder[,]" and had an "at least mildly impaired" ability to adapt to new situations and a "severely impaired" ability to sustain constructive work-related behaviors for more than a few weeks. Record at 318.

2. The report of DDS non-examining consultant Thomas A. Knox, Ph.D., dated November 2, 2004, that the plaintiff could "understand and remember simple instructions[,]" "carry out simple tasks in a normal schedule[,]" "interact appropriately with coworkers and supervisors, not with the public[,]" and "adapt to minor changes in routine." *Id.* at 329.

3. The report of treating source Marlee Poulin, LCSW, dated July 18, 2005, that the plaintiff could "handle simple directions + at times complex but not consistently[,]" did not "handle the stress at all[,]" did not "deal well [with] peers + superiors[,]" and had a history "of problems with authority figures[.]" *Id.* at 345. She stated that she did not know when he would be able to maintain employment. *See id.*

4. The report of DDS examining consultant Mary Alyce Burkhart, Ph.D., based on an August 10, 2005, evaluation, that the plaintiff had "the intellectual capacity to do certain types of work-related activities[,]" likely could "understand the requirements of jobs[,]" seemed "to have difficulty understanding social situations[,]" during the evaluation, "did not display any problems with concentration and persistence[,]" had "significant difficulty with social interaction and adaptation[,]"continued "to report significant problems with his temper and getting along with others[,]" and that "[t]hese problems have prevented and will likely continue to prevent him from sustaining employment." *Id.* at 350-51.

5. The report of DDS non-examining consultant Lewis F. Lester, Ph.D., dated October 31, 2005, that the plaintiff could "understand and remember simple, repetitive tasks and procedures" but not "complex or detailed tasks[,]" could "be reliable and sustain 2-hour blocks at

simple tasks at a consistent pace over a normal work day/week[,]" could not "interact with the public" but could "interact with co-workers and supervisors in an ordinary work setting[,]" and could "adapt to occasional and routine changes[.]" *Id*. at 382.[4]

The administrative law judge expressly rejected, or gave little weight to, the opinions of Dr. Polk, Dr. Burkhart, and Poulin. *See id*. at 25-26. He stated that he gave "considerable weight" to the opinions of the DDS non-examining consultants who found that the plaintiff was not disabled. *See id*. at 26. Nonetheless, his mental RFC findings are not fully consistent with those of either Dr. Knox or Dr. Lester, the two DDS non-examining consultants who expressed an opinion regarding the plaintiff's mental RFC. He omitted the findings of Dr. Knox that the plaintiff was limited to understanding and remembering simple instructions and to carrying out simple tasks in a normal schedule, and the findings of Dr. Lester that he was limited to understanding and remembering simple, repetitive tasks and procedures and could sustain two-hour blocks at simple tasks at a consistent pace over a normal work day or week. *Compare* Finding 5, *id*. at 21 *with id*. at 329, 382. He added a finding, not contained in either the Knox or Lester report, that the plaintiff was limited to work requiring occasional judgment. *See id*.

From all that appears in the absence of any reasoned explanation for these deviations, *see id*. at 26, to the extent that the administrative law judge parted ways with the Lester and Knox

---

[4] A third DDS non-examining consultant, David R. Houston, Ph.D., completed a PRTF dated August 22, 2005, in which he assessed the plaintiff's mental impairments as non-severe. *See* Record at 352, 364. As a result, he was not obliged to assess the plaintiff's mental RFC. *See* 20 C.F.R. § 404.1520a(d)(3) ("If we find that you have a severe mental impairment(s) that neither meets nor is equivalent in severity to any listing, we will then assess your residual functional capacity.").

opinions, he assessed the plaintiff's mental RFC based on the raw medical evidence.[5] As a result, his RFC determination cannot be discerned to be supported by substantial evidence, necessitating reversal and remand. *See, e.g., Eshelman v. Astrue*, No. 06-107-B-W, 2007 WL 2021909, at *3 (D. Me. July 11, 2007) (rec. dec., *aff'd* July 31, 2007) ("While the First Circuit does permit an administrative law judge to pick and choose among physicians' findings and opinions, it does not permit the drafting of an RFC based on the raw medical evidence of record unless common-sense judgments about functional capacity can be made.") (citations and internal quotation marks omitted).[6]

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **VACATED** and the case **REMANDED** for further proceedings consistent herewith.

---

[5] At oral argument, counsel for the commissioner contended that in limiting the plaintiff to unskilled work, the administrative law judge effectively incorporated Dr. Lester's findings of limitation to understanding and remembering simple, repetitive tasks and procedures and sustaining two-hour blocks at simple tasks. For this proposition he cited two authorities: Social Security Ruling 85-15 ("SSR 85-15"), which provides that the "basic mental demands of competitive, remunerative, unskilled work" include, *inter alia*, the ability, on a sustained basis, "to understand, carry out, and remember simple instructions[,]" SSR 85-15, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (1992), at 347, and Social Security Administration Program Operation Manual System ("POMS") § DI 25020.010, which enumerates, among mental abilities needed for understanding, carrying out, and remembering simple instructions, "[t]he ability to maintain concentration and attention for extended periods (the approximately 2-hour segments between arrival and first break, lunch, second break, and departure)[,]" POMS § § DI 25020.010(B)(2), *available at* https://s044a90.ssa.gov/apps10/. As the plaintiff's counsel rejoined, this court has held that "whether a job is skilled or unskilled does not speak directly to the question of whether it entails simple, repetitive tasks, which seemingly is more squarely addressed by the GED [General Educational Development] ratings [in the *Dictionary of Occupational Titles* (U.S. Dep't of Labor, 4th ed. rev. 1991)]." *Briggs v. Astrue*, Civil No. 08-05-B-W, 2008 WL 4849332, at *3 n.3 (D. Me. Nov. 6, 2008) (rec. dec., *aff'd* Nov. 25, 2008) (citation and internal punctuation omitted). Thus, in limiting the plaintiff to unskilled work, the administrative law judge cannot fairly have been said to have found him capable of understanding and remembering simple, repetitive tasks and procedures or performing simple tasks for two-hour blocks of time.

[6] In *Eshelman*, the court noted that "[t]his error might nonetheless have been forgiven as harmless if the two DDS RFC assessments, which found the plaintiff to possess even greater functional capacities than had the administrative law judge, could be said to constitute 'substantial evidence' of her RFC[,]" which the court found that they could not. *See Eshelman*, 2007 WL 2021909, at *3. In this case, the Knox and Lester RFC assessments describe more limited functional capacity than found by the administrative law judge. *Compare* Finding 5, Record at 21 *with id.* at 329, 382. While a third DDS non-examining consultant, Dr. Houston, found the plaintiff's mental impairments to be non-severe, the administrative law judge implicitly rejected that conclusion, finding, in accordance with the weight of the evidence, that the plaintiff did have severe mental impairments. *Compare* Finding 3, *id.* at 20 *with id.* at 364.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 31st day of March, 2009.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge